**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50524 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00205-R-1 |
| v. | |
| OSCAR JUAREZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 28, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District
Judge.**

Oscar Juarez appeals his 57-month sentence, imposed by the district court

following a guilty plea to one count of conspiracy to interfere with commerce by

robbery, in violation of 18 U.S.C. § 1951(a) ("Count Two"). His sentence under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ivan L.R. Lemelle, District Judge for the United States
District Court for the Eastern District of Louisiana, sitting by designation.

Count Two runs consecutively to a mandatory 60-month sentence under Count Three,[1] which Juarez does not challenge on appeal. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Juarez first argues that the district court improperly applied a four-level role enhancement to his offense level after determining that he was "an organizer or leader of a criminal activity that involved five or more participants." U.S. Sentencing Guidelines Manual § 3B1.1(a). We review the district court's finding that Juarez was an "organizer or leader" for clear error. *United States v. Yi*, 704 F.3d 800, 807 (9th Cir. 2013). We review the district court's application of the Sentencing Guidelines for abuse of discretion. *United States v. White Eagle*, 721 F.3d 1108, 1121 (9th Cir. 2013). The district court calculated the Sentencing Guidelines as suggested by the pre-sentence report ("PSR"), to which Juarez gave no additions or corrections. The PSR recommended a four-level role enhancement because Juarez 1) was the sole contact person between his co-conspirators and the undercover agents; 2) recruited other participants for the crime; 3) referred repeatedly to his "boys" and his "crew" and their experience at committing home invasion robberies; and 4) met with the agents four times to plan the robbery.

---

[1] Juarez also pled guilty to one count of carrying and using a firearm during and in relation to—and possession of a firearm in furtherance of—a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).

Further, Juarez provided firearms to his co-conspirators, decided how the drugs would be distributed among them, and convinced one of them to take the blame for the guns. While Juarez denied "running the show," and there is no evidence that he would have received a larger share of the stolen drugs than his co-conspirators, we cannot say that it was clear error for the district court to find that Juarez was a leader or organizer. Nor did the district court abuse its discretion when it applied a four-level role enhancement under the Sentencing Guidelines.

Juarez also argues that in sentencing him to 57 months under Count Two, the district court erred in upwardly departing from the Guidelines, which recommended a sentence of between 41-51 months based on criminal history category I and offense level 22. He further contends that the district court failed to sufficiently explain its reasoning for the sentence, which Juarez argues is substantively unreasonable. If we determine that the district court's sentencing decision is "procedurally sound," we review the substantive reasonableness of the sentence for abuse of discretion. *United States v. Henderson*, 649 F.3d 955, 958 (9th Cir. 2011). "[W]e must defer 'to the District Court's reasoned and reasonable decision that the [18 U.S.C.] § 3553(a) factors, on the whole, justified the sentence.'" *United States v. Ruff*, 535 F.3d 999, 1003 (9th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 59-60 (2007)). The abuse of discretion standard

applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall*, 552 U.S. at 51.

Juarez mistakenly argues that the district court followed the government's recommendation to place him in criminal history category II. The government had recommended an upward departure to criminal history category II, but the district court did not adopt that recommendation, and it explicitly sentenced Juarez in light of "a criminal history of I." The "upward departure" that Juarez contends is in error was not the result of an elevated criminal history category; rather, it was a six-month upward variance imposed by the district court pursuant to its authority under *United States v. Booker*, 543 U.S. 220 (2005), "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The district court's sentencing decision was procedurally sound.

With respect to the substantive reasonableness of Juarez's sentence, the district court property calculated the Sentencing Guidelines range and decided that the upward variance was appropriate under *Booker* given the facts of the case. The district court was "in a superior position" to judge those facts than are we, *United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008) (per curiam) (quoting *Gall*, 552 U.S. at 51), and we cannot say that the district court abused its discretion by

4

imposing a six-month upward variance under *Booker* and the 18 U.S.C. § 3553(a) factors, or by sentencing Juarez to 57 months under Count Two.

Moreover, the district court's expressed reasoning, while limited at the sentencing hearing, could be adequately inferred from the PSR and from the record. *See United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010).

Finally, Juarez argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3) ("Rule 32") by failing to resolve controverted facts in the record. Here, however, there were no disputed factual issues for the district court to resolve at the sentencing hearing; Juarez submitted on his briefs and did not make any additions or corrections to the PSR. We conclude that the district court did not violate Rule 32.

**AFFIRMED**.[2]

---

[2] Because we affirm the district court, we need not address Juarez's request that the case be reassigned to a different judge on remand.